**F I L E D**
CLERK, U.S. DISTRICT COURT

5/8/2026

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ KM _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2026 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR  2:26-cr-00294-MWC |
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 922(g)(1): Felon in Possession of Firearm and Ammunition; 18 U.S.C. § 924 and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| CALVIN NEWBURN, aka "Hoover," aka "Lil Twin," | |
| Defendant. | |

The Grand Jury charges:

[18 U.S.C. § 922(g)(1)]

On or about March 14, 2026, in Los Angeles County, within the Central District of California, defendant CALVIN NEWBURN, also known as ("aka") "Hoover," aka "Lil Twin," knowingly possessed a firearm and ammunition, each in and affecting interstate commerce, namely: (1) a Smith & Wesson, model 29-3, .44 Magnum caliber revolver, bearing serial number AEY4393; (2) 10 rounds of Winchester 9mm Luger caliber ammunition; (3) one round of SIG .44 Rem Mag caliber ammunition; and (4) four rounds of CCI .44 Rem Mag caliber ammunition.

Defendant NEWBURN possessed such firearm and ammunition knowing that he had previously been convicted of the following felony crime punishable by a term of imprisonment exceeding one year: Possession for Sale of Cocaine Base, in violation of California Health and Safety Code Section 11351.5, in the Superior Court of the State of California, County of Los Angeles, Case Number XSWYA055178, on or about March 19, 2004.

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1); 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of the offense set forth in this Indictment.

2.   If so convicted, defendant shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the

//

//

3

result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

KELSEY A. STIMSON, for
FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

KYLE W. KAHAN
Assistant United States Attorney
Deputy Chief, General Crimes Section

LAUREN E. BORDER
Assistant United States Attorney
Transnational Organized Crime Section

4